Wheeler, J.
The question is whether it be necessary that the indictment should charge truly what was bet upon the game — whether money, property, or the representative of one or the other — and we are of opinion that it is. It enters into the description of the offense, and the offense must be described truly in the indictment. The indictment must be so certain in this respect as that the accused may be thereby apprised of the particular offense which lie is called upon to answer. The circumstances which go to constitute (lie offense must ho set out, and they must be stated truly so that the averments and proofs may reciprocally meet and conform to eacli oilier. In the present ease (lie proof did not conform to the averments. And the court erred in instructing the jury that it was sufficient to warrant a conviction on tins indictment.
In the case of Johnson v. The State, (Mart. & Yerg. R., 127,) the indictment charged that the defendant played, at a game of faro for monei'. The proof was that hauls notes were bet. And the Supreme Court of Tennessee decided that it was not sufficient to maintain the indictment. The principle of the decision is, that (lie averment that money was bet is an ingredient in the description of the offense, and that that must be described truly to authorize a conviction.
Tlie judgment must be reversed and the case remanded.
Reversed and remanded.